UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MOSES WILSON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:02cv0103 AS |
| ) | |
| ED BUSS, Superintendent, ) | |
| ) | |
| Respondent ) | |

### *MEMORANDUM, OPINION AND ORDER*

This case has a very elongated history. There were convictions of murder in Lake County, Indiana approximately 27 years ago in 1980 for crimes that were committed in 1978, now 29 years ago. There was a direct appeal to the Supreme Court of Indiana as reflected in *Wilson v. State*, 432 N.E. 2d 30 (Ind. 1982). This court has specifically revisited this unanimous decision of the Supreme Court of Indiana authored by Justice Prentice. In June 1989, the petitioner sought state post-conviction relief, and the state trial court conducted an evidentiary hearing on it and later denied the same. That hearing was in May 1999. In April 2000, the Court of Appeals of Indiana affirmed the aforesaid denial of post-conviction relief also on the doctrine of laches. The Supreme Court of Indiana denied transfer on August 11, 2000[1]. The Attorney General of Indiana here also

---

[1] It is of some moment that the only issue there before the Supreme Court of Indiana was that of laches.

raises the issue of procedural default citing *Daniels v. Knight*, 476 F.3d 426 (7th Cir. 2007).  In *Daniels*, the Court of Appeals in this circuit was emphatic that district courts should not have considered the merits.  However, given the procedural history in this case, considering the merits seems to be mandatory.  However, the Attorney General of Indiana makes a very strong case for procedural default there under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  *See also Henderson v. Cohn*, 919 F.2d 1270 (7th Cir. 1990).

There remains a concern about whether the issues argued for here were fully presented to the highest courts in the State of Indiana.  *See Hough v. Anderson*, 272 F.3d 878 (7th Cir. 2001), *aff'g* 73 F.Supp. 2d 981 (N.D. Ind. 1999), *cert. denied*, 537 U.S. 1050 (2002). In the interest of completeness, this court now attaches hereto and incorporates herein the unpublished memorandum decision of the Court of Appeals of Indiana entered April 24, 2004 authored by Judge Baker and concurred in by Judges Riley and Kirsch.  *See* Appendix "A".  The Supreme Court of Indiana denied transfer.  This court has recently taken a close look at *Day v. McDonough*, 547 U.S. 198 (2006); *Evans v. Chavis*, 546 U.S. 189 (2006) and especially *see Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and *Pliler v. Ford*, 542 U.S. 225 (2004).  Obviously it is not for this court to either gainsay or ignore the decision of the Court of Appeals entered July 25, 2003.  Looking at this record in the largest possible context, it appears that it has become the burden of this court to deal with this petitioner's actions brought here under the Anti-

Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) on the merits. An extensive state record has been filed and has been available to counsel and to this court.  Oral argument and proceedings were had with counsel and indeed the petitioner himself present in Lafayette, Indiana on January 19, 2007.  This court greatly appreciates the excellent services of Attorney Michael Parkinson in this case.   The briefing has just now been completed and it is in the best interest of all concerned that this case be decided without further delay.

This court much earlier denied this petitioner's relief on all of his claims under 3:01cv0553 AS (docket 15), and sees no good reason here to revisit or reverse that decision.  This court is also in agreement with the Attorney General of Indiana, and with no disrespect meant to Mr. Wilson or his able counsel, the claims for relief here under 28 U.S.C. §2254 are barred either by procedural default or without merit.  Very recently, the Court of Appeals in this circuit decided *Daniels v. Knight*, 476 F.3d 426 (7th Cir. 2007) which this court here and now considers a binding precedent.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) is also a binding precedent that must be followed in this court and in this circuit.  Here in the state court post-conviction proceedings, there was found to be an adequate and independent state law ground, namely the state law doctrine of laches to bar further review of Wilson's claims under authority of *Henderson v. Cohn*, 919 F.2d 1270 (7th Cir. 1990).

There is also a serious question as to whether this petitioner fully and fairly

3

presented his claims to the two highest courts in the State of Indiana under the mandates of *Duncan v. Henry*, 513 U.S. 374 (1995). In those proceedings, it appears that this petitioner did brief the issue of laches but did not discuss the merits of other claims for relief under 28 U.S.C. §2254. *See also Wilson v. Briley*, 243 F.3d 325 (7th Cir. 2001). This court is not here prepared to gainsay the decision in *Henderson*, and thereby to declare laches to be an inadequate state law basis. This court is very impressed with the wide array of Indiana appellate decisions on the issue of laches that appear on pages seven and eight of the brief filed here by the Attorney General of Indiana on March 14, 2007.

      This court has also taken the trouble to look closely at the decision in *Tredway v. Farley*, 35 F.3d 288 (7th Cir. 1994), *cert. denied*, 115 S.Ct. 941 (1995), and certainly the elongated array of Indiana authority on laches belies any suggestion that the application of the same has been infrequently, unexpectedly or freakishly applied. *See also Prihoda v. McCaughtry,* 910 F.2d 1379, 1382 (7th Cir. 1990). This court here and now does reaffirm its decision in 3:01cv0553. There is some attempt here to go back nearly a quarter of a century to suggest that the state trial court acted improperly in violation of this petitioner's constitutional rights with regard to instructions to the jury. The assertions seem to be that the state trial court failed to instruct the jury on the essential elements of the crime charged and/or the burden of proof. Further, it is suggested that the state trial court failed to instruct the jury on the defense of alibi and the burdens with regard to the

4

same as well as instructions regarding flight. It is basic that questions of state law including instructions in state criminal cases are not fair game here under 28 U.S.C. §2254. *See Estelle v. McGuire*, 502 U.S. 62 (1991). At the very most, these claims are on the basis of state law and are without merit here. *See Reeves v. Battles*, 272 F.3d 918 (7th Cir. 2001). It is further elementary under binding precedent from the Supreme Court of the United States that instructions are not to be considered in isolation but rather as a whole. *See Cupp v. Naughten*, 414 U.S. 141 (1973). *See also Carella v. California*, 491 U.S. 263 (1989). A close look at the massive record in this case fails to demonstrate that this petitioner objected to the instructions that he now complains of and did not raise them in a motion to correct errors or on appeal in the state judiciary. Aside from all of that, it appears that the instructions now complained of were appropriate dealing with the definition of murder, the definition of attempt, the burden of proof beyond a reasonable doubt, and the definition of reasonable doubt as well as the presumption of innocence. In a traverse shown in docket number 67, it appears that this petitioner has conceded that there was no error in the jury instructions on the elements of murder and attempt. In the Seventh Circuit under the leadership of Judge Bauer, there is a long-standing set of decisions that draws a rather tight judicial cloak around the process of attempting to define and instruct on reasonable doubt. The backup position with regard to instruction arguments in this species of cases often comes down to an argument about ineffective assistance of counsel under the Sixth Amendment of the Constitution of the United States

5

as interpreted in such cases as *Strickland v. Washington*, 466 U.S. 668 (1984), *rehr'g denied,* 467 U.S. 1267 (1984).  The well-known elements of a claim for ineffective assistance of counsel are (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced a defendant.  *Williams v. Taylor*, 529 U.S. 362 (2000) following *Strickland*.  The analysis and result in *Davis v. VanNatta*, 438 F.3d 707 (7th Cir. 2006) purports such a conclusion here.  Obviously issues with regard to trial tactics have to be considered very carefully.  Also, lawyers are not obligated to anticipate shifts of legal doctrine, and certainly have a right to concentrate on issues that have the best chance of success.  *See Knox v. United States,* 400 F.3d 519 (7th Cir. 2005).  Certainly, it was not the burden of defense counsel to anticipate that some 11 years later the Supreme Court of Indiana would decide *Spradlin v. State*, 569 N.E. 2d 948 (Ind. 1991) which required certain specific intent language in attempted murder instructions.  *See also Taylor v. State*, 616 N.E. 2d 748 (Ind. 1993).  Given that this is basically an Indiana question of law anyway, the instructions given appear to be consistent with the law of Indiana as it was at the time of the state court criminal trial.

There is some brief discussion here with regard to sentencing and if such is an attempt at an Eighth Amendment claim, it certainly would have to be some compliance with the mandates of *Harmelin v. Michigan*, 501 U.S. 957 (1991).  *See also Solem v. Helm*, 463 U.S. 277 (1983).  The argument appears to be that the state court judge and indeed the state court judiciary may have failed to follow state sentencing statutes.  Even

if that were correct, it would be beyond the authority of this court to act on it under §2254.  *See Dellinger v. Bowen*, 301 F.3d 758 (7th Cir. 2002).

This court has now again given close attention to *Baldwin v. Reese*, 541 U.S. 27 (2004).  What impresses one when the outset of the opinion of Justice Breyer is read is what is re-stated and reaffirmed in the very first paragraph of that opinion including *O'Sullivan* as well as *Picard v. Connor*, 404 U.S. 270 (1971), and *Duncan*.  Except for the brief dissent of Justice Stevens, the same is a unanimous opinion of the Supreme Court of the United States three years ago.  This court does not conceive that *Baldwin* undermines the decision here or give this petitioner any realistic hope of success on the merits.

Obviously, this case has had the attention for a long period of time of judges in the State of Indiana.  In the end, it is important to remember and indeed to return to the teaching of two unanimous decisions decided the same day by the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002).  *See also Rice v. Collins*, 126 S.Ct. 969 (2006), *Bell v. Cone*, 535 U.S. 685 (2002) and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006). Much that has been said here tracks the decision of the Court of Appeals in *Charlton*.

When it is all said and done, the sad fact remains that there is no basis for relief stated by this petitioner under 28 U.S.C. §2254 as argued for by his very able counsel, and such is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  April 18, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**